UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAURA ROBLES and IDA Z. BRAVO,

                              Plaintiffs,                        COMPLAINT

      -against-

SOTIRIOS KOLLIAS, DEMETRA DOUMAS,
MARIA KOLLIAS a.k.a. MARIA KOLLIA, DANIELLE
KOLLIAS, and THE ARGONAUT RESTAURANT
AND DINER, INC.                                      Docket No.

                              Defendants.

------------------------------------------------------------------X

Plaintiffs, Maura Robles and Ida Z. Bravo, by their attorneys, the Morrison Law Firm, P.C., complaining of Defendants, Sotirios Kollias, Demetra Doumas, Maria Kollias, a.k.a. Maria Kollia, Danielle Kollias, and The Argonaut Restaurant and Diner, Inc., alleges:

## NATURE OF ACTION

1. This is an action for compensatory and punitive damages; costs and attorney's fees; and to secure the protection of and the redress by various New York State and federal laws requiring the compensation of employees for the provision of services that they make for employers. This also is an action for damages, costs and attorneys' fees for sexual harassment (gender discrimination), harassment and discrimination based on age, and defamation under New York state common aw and the New York State Human Rights Law ("NYSHRL"). And this is an action for violations of Ida Bravo's rights under the Westchester County Earned Sick Leave ("ESL") Law and Defendants' retaliation against her for her exercise of those rights and against Maura Robles for aiding her in her assertion of her right to ESL.

**PARTIES**

2. Plaintiff Maura Robles is a seventy-five-year-old female. Plaintiff is a resident of the County of New York and the State of New York.

3. Plaintiff Ida Z. Bravo is a seventy-seven-year-old, female. Plaintiff is a resident of the County of New York and the State of New York.

4. Defendant Sotirios Kollias is a resident of the County of Westchester and the State of New York. Upon information and belief, he is a shareholder who owns more than ten per cent of the below corporate Defendant.

5. Defendant Demetra Doumas is a resident of the County of Westchester and the State of New York. Ms. Doumas is the sister of the two other individual defendants. Upon information and belief, she is a shareholder who owns more than ten per cent of the below corporate Defendant.

6. Defendant Maria Kollias, also known as Maria Kollia is a resident of the County of Westchester and the State of New York. Upon information and belief, she is a shareholder who owns more than ten per cent of the below corporate Defendant.

7. Sotirios Kollias, Demetra Doumas and Maria Kollias are collectively referred to as the Individual Defendants.

8. Danielle Kollias, is a resident of the County of Westchester and the State of New York. She is the newly instated General Manager of the Corporate Defendant. She is sued in her individual capacity.

9. Defendant The Argonaut Restaurant and Diner, Inc. ("Argonaut") is a domestic corporation established pursuant to the laws of the State of New York, it has its principal place of business located at 1084 Yonkers Avenue, Yonkers, New York.

10. Argonaut has been owned and operated by the Kollias family for more than forty years. Plaintiff Robles was its General Manager for that entire time, until she was terminated March 19, 2020. Plaintiff Bravo was its full time Assistant General Manager/Hostess and Cashier since 1989, until she was terminated March 19, 2020. Ms. Bravo had also worked there part time from 1985 to 1989.

11. The Court has jurisdiction over this case under 28 U.S.C. §1331 as this case raises a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203, et seq. Pursuant to 28 U.S.C. §1367, the Court has supplemental jurisdiction with respect to Plaintiffs' state law claims under the New York Labor Law, the NYSHRL, the Westchester County Earned Sick Leave Law and at common law for defamation, libel and slander.

12. Venue is proper in this courthouse under 42 U.S.C. §§1391(b)(1) and (2).

13. The Individual Defendants operate the popular and high-volume restaurant Argonaut in Yonkers.

14. At all relevant times, the Individual Defendants and Argonaut have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§206(a) and 207 (a).

15. At all relevant times, upon information and belief, Defendants had annual gross revenues in excess of $500,000.

16. At all times relevant to this action, Defendant Argonaut was subject to the FLSA and was the employer of Plaintiffs as defined by §203(b) of the FLSA.

17. At all times material to this action, the Individual Defendants actively participated in the business of Argonaut.

18. At all times material to this action, the Individual Defendants exercised substantial control over the functions of the Argonaut's workers, including Plaintiffs.

19. At all times material to this action, the Individual Defendants were the employers of the Plaintiffs as defined by §203(b) of the FLSA.

20. Upon information and belief, the Individual Defendants each has an ownership interest in and/or is a shareholder of Argonaut.

21. Upon information and belief, the Individual Defendants are each one of the ten largest shareholders of Argonaut.

22. The Individual Defendants are liable to Plaintiffs for unpaid wages pursuant to New York Business Corporations Law §630.

**Employment Relationship and Non-Payment of Wages by Defendants**

23. In December 2019, approximately four weeks or $4,000 of Argonaut paychecks due to Ms. Robles were missing. Defendant Sotirios Kollias promised to repay Robles for the missing paychecks, but he never did.

24. Plaintiffs were terminated on or about March 18, 2020, at which time Defendants withheld several weeks of wages due and owing to both Plaintiffs.

25. The foregoing conduct constitutes a "willful" violation of the FLSA, 42 U.S.C. §255 (a).

26. As a result of the willful violations by Defendants of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorneys' fees, costs and interest, as set forth in the FLSA, more specifically 29 U.S.C. §216(b).

27. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment in contravention of the FLSA and affiliated regulations, 29 U.S.C. §§211(c), 215(a)(5) and 29 C.F.R. §516 and New York Labor Law §§195.1 and 661.

### Defendants' Age-Based Harassment of Plaintiffs

28. Plaintiffs were replaced by a younger woman, Danielle Kollias, who, upon information and belief, is twenty-eight years old. Danielle Kollias has no experience in restaurant management.

29. At the time of Ms. Robles' termination, when she attempted to go back and retrieve her personnel things at the Argonaut, Danielle Kollias called her a "f***king old b****" in front of staff and customers. Ms. Bravo was made aware of Danielle Kollias' remarks.

30. The Individual Defendants and Danielle Kollias repeatedly told Ms. Bravo and Ms. Robles that the Individual Defendants needed to get "new blood" to work at Argonaut.

31. Sotirios Kollias also regularly and repeatedly referred to Plaintiff Robles as "kuolo gria" which is Greek derogatory slang term for old women's ass.

### Defendant Sotirios Kollias's Sexual Harassment of Plaintiff Robles

32. Repeatedly throughout the last several years, Sotirios Kollias:

(a) Showed Plaintiff Robles pornographic postcards that he had depicting females having sexual relations with animals;

(b) He would rub his crotch and genital area against Ms. Robles's backside;

(c) He made sexual comments about female customers to Ms. Robles, including commenting on how revealing a female customer's top was (one could see her

breasts) and that the female customer was also wearing revealing pantyhose/fishnet stockings and he told Robles that she should dress that same way;

(d) He made repeated and constant reference to the Greek term "poucho derm" which referred to the foreskin of a male's genitalia—Kollias would repeatedly and constantly ask her if her leather pocket book and her or anyone's leather shoes were made of foreskin; and

(e) After Robles took a day off from work to see her doctor, Kollias asked her if it was related to problems with her "mouni", a Greek slang term for vagina.

33. Robles told Plaintiff to stop and refrain from all of this conduct and he refused, none of this conduct was invited or wanted by Robles.

### Defendants' Defamatory, Libelous and Slanderous Statements

34. By letter from Sotirios Kollias and Demetra Doumas to Ida Bravo, dated March 30, 2020, they stated that Ms. Bravo had acted "fraudulently" and "against false pretenses to extort money" from them and Argonaut. According to the letter, a copy of it was sent and published to the "labor department."

35. By letter from Sotirios Kollias and Demetra Doumas to Maura Robles, dated March 30, 2020, they stated that Ms. Robles had acted "fraudulently" and "against false pretenses to extort money" from them and Argonaut. According to the letter, a copy of it was sent and published to the "labor department."

36. Beginning in or about May 6, 2020, and continuing thereafter, Danielle Kollias told employees that they needed to give false written statements that the employees assisted Ms. Robles in stealing food and money. Danielle drafted written statements making the same false allegations.

**First Cause of Action Against Defendants**
**Failure to Pay Wages--FLSA**

37. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

38. Plaintiffs agreed upon wage rate was within the meaning of FLSA, 29 U.S.C. §§201-219.

39. Defendants violated FLSA by failing to pay Plaintiffs for the work they performed.

40. Upon information and belief, Defendants' failure to pay the agreed upon wages was willful.

41. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment in contravention of the FLSA and affiliated regulations, 29 U.S.C. §§211(c), 215(a)(5) and 29 C.F.R. §516.

42. The foregoing conduct constitutes a "willful" violation of the FLSA, 42 U.S.C. §255 (a).

43. As a result of the foregoing, Plaintiffs have been denied wages and has incurred damages thereby.

44. As a result of the willful violations by the Individual Defendants and the Argonaut of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorneys' fees, costs and interest, as set forth in the FLSA, more specifically 29 U.S.C. §216(b).

**Second Cause of Action Against Defendants**
**Failure to Pay Wages—New York Labor Law**

45. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

46. Plaintiffs agreed upon wage rate was within the meaning of New York Labor Law §§190 and 191.

47. Defendants failed to keep a time book showing the name and address of its employee, Plaintiff, and the hours worked by them in each day, in contravention of New York Labor Law §161(4).

48. Defendants failed to notify Plaintiff in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours in contravention of New York Labor Law §195(5).

49. Defendants violated New York Labor Law §191 by failing to pay Plaintiffs for the work they performed.

50. Upon information and belief, Defendants' failure to pay the agreed upon wages was willful.

51. As a result of the foregoing, Plaintiffs have been denied wages and has incurred damages thereby.

52. By reason of the foregoing, the Individual Defendants and the Argonaut are liable to Plaintiffs for unpaid wages in amount believed to be in excess of $10,000, plus liquidated damages in an amount equal to one hundred per cent p of the unpaid wages, interests, attorneys' fees plus costs, pursuant to the above cited New York Labor Law sections.

## Third Cause of Action Against the Argonaut
## Westchester Sick Leave Law

53. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

54. At all times material to this action, the Defendant Argonaut was the employer of the Plaintiffs as defined by §585.02(7) of the Laws of Westchester County and New York Labor Law §190(3).

55. At all times material to this action, the Plaintiffs were employees of Defendant Argonaut as defined by §585.02(6) of the Laws of Westchester County.

56. In or about February 28, 2020, Plaintiff Bravo took several weeks of leave to have recover from the surgery as recommended by her doctor. Ms. Bravo's surgery constituted an illness or physical injury for which she is entitled to leave under the Westchester County Earned Sick Leave Law §585.06(1). In accordance with said law, she submitted doctor's note to the Argonaut for her leave.

57. As of February 29, 2020, Bravo qualified under the Westchester County Earned Sick Leave Law to have some, if not all, of her sick leave paid for by Defendant Argonaut. Plaintiff Maura Robles, among others, informed her of her right to this ESL under this local law.

58. When she returned from her sick leave, the Argonaut refused to pay her for her time.

59. Upon learning that there were no paychecks for Ms. Bravo, Ms. Robles contacted Argonaut's payroll company and had checks reissued for Bravo. When Ms. Robles and Ms. Bravo went to pick up their paychecks, the Argonaut refused to pay them and withheld their pay.

60. The Argonaut terminated both Plaintiffs almost immediately after they asserted their rights under the Westchester County Earned Sick Leave Law.

61. The foregoing conduct also constituted a deliberate interference and restraint by the Argonaut against Bravo's exercise of her right to use her earned sick leave in violation of the Laws of Westchester County §585.08.

62. The foregoing conduct also constituted a deliberate act of retaliation and discrimination by the Argonaut against Robles's aiding and abetting of Bravo in Bravo's right to use her earned sick leave in violation of the Laws of Westchester County §585.08.

63. At all relevant times, the Argonaut failed to make, keep, and preserve accurate records regarding the sick leave time under the Westchester Earned Sick Leave Law §585.10.

64. As a result of the willful violations by Defendant the Argonaut of the Westchester County Earned Sick Leave §585.11, the Plaintiff Bravo is entitled to all damages, all unpaid wages, treble damages of the same and the statutory penalty of $500 per violation.

65. As a result of the willful violations by Defendant Argonaut of the Westchester County Earned Sick Leave§585.11, the Plaintiff Robles is entitled to all damages, all unpaid wages, treble damages of the same and the statutory penalty of $500 per violation.

### Fourth Cause of Action Against Defendants
### Unjust Enrichment

66. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

67. The Individual Defendants and the Argonaut have been unjustly enriched by withholding payments that rightfully belonged to Plaintiffs.

68. The Individual Defendants and the Argonaut are liable to Plaintiffs in an amount of compensation wrongfully withheld, along with interest.

### Fifth Cause of Action—NYSHRL
### Hostile Work Environment Sexual Harassment Against Argonaut

69. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

70. Based on the foregoing facts, Defendant the Argonaut violated the New York State Human Rights Law, Executive Law §§292-296, by subjecting Plaintiff Robles to hostile work environment harassment because of her gender.

71. By reason and in consequence of Defendant the Argonaut's violation of Plaintiff Robles's statutory rights, she suffered damages in an amount to be determined upon the trial of this action.

### Sixth Cause of Action—NYSHRL
### Hostile Work Environment Sexual Harassment Against Sotirios Kollias

72. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

73. Based on the foregoing facts, Sotirios Kollias participated in Argonaut's harassment of Plaintiff Robles by subjecting her to hostile work environment harassment because of her gender in violation of the New York State Human Rights Law, Executive Law §§292-296.

74. By reason and in consequence of Sotirios's violation of Plaintiff Robles's statutory rights, Plaintiff Robles suffered damages in an amount to be determined upon the trial of this action.

### Seventh Cause of Action—NYSHRL
### Hostile Work Environment Age Harassment Against Defendants

75. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

76. By the acts and practices described above, including taking adverse employment actions by terminating older employees and creating and condoning a work environment hostile to older workers, the Defendants have discriminated against Plaintiffs on the basis of their age, in violation of the New York State Human Rights Law.

77. By reason and in consequence of the Individual Defendant's violation of Plaintiffs' statutory rights, Plaintiffs suffered damages in an amount to be determined upon the trial of this action.

### Eighth Cause of Action—NYSHRL
### Age Discrimination Against Defendants

78. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

79. By the acts and practices described above, including taking adverse employment actions by terminating Plaintiffs because of their age and replacing with them with a young woman under the age of thirty older employees, Defendants have discriminated against Plaintiffs on the basis of their age, in violation of the New York State Human Rights Law.

80. By reason and in consequence of Defendants' violation of Plaintiffs' statutory rights, Plaintiffs suffered damages in an amount to be determined upon the trial of this action.

### Ninth Cause of Action
### Defamation/Libel Against Sotirios Kollias and Demetra Doumas

81. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

82. On or about March 30, 2020, Sotirios Kollias and Demetra Doumas, acting individually and on behalf of Argonaut, published false and defamatory statements about Plaintiff Bravo.

83. On or about March 30, 2020, Sotirios Kollias and Demetra Doumas, acting individually and on behalf of Argonaut, published false and defamatory statements about Plaintiff Robles.

84. Said statements on March 30, 2020, were written statements of unprotected assertions of fact.

85. Defendant Argonaut, acting through its authorized agents, the Individual Defendants, published false statements about Plaintiffs.

86. Specifically, on or about March 30, 2020, while acting individually and as agents or representatives of Argonaut, Sotirios Kollias and Demetra Doumas wrote to the labor department and falsely stated to it that Plaintiffs had acted "fraudulently" and "against false pretenses to extort money" from them and Argonaut.

87. Sotirios Kollias and Demetra Doumas' statements to the labor department were intentionally published to a third party.

88. Sotirios Kollias and Demetra Doumas' statements to the labor department were published without privilege or authorization of Plaintiffs.

89. Upon information and belief, Sotirios Kollias and Demetra Doumas' statements to the labor department were read by one or more third parties.

90. Sotirios Kollias and Demetra Doumas' statements to the labor department were not true.

91. Sotirios Kollias and Demetra Doumas knew such statements of theirs to the labor department were not true.

92. Sotirios Kollias and Demetra Doumas' statements to the labor department were about Plaintiffs.

93. Sotirios Kollias and Demetra Doumas' statements to the labor department have harmed Plaintiffs' reputations.

94. Sotirios Kollias and Demetra Doumas' statements to the labor department were untrue and was made with malicious intent.

95. As a result of Sotirios Kollias and Demetra Doumas' acts, Plaintiffs have incurred damages.

96. Accordingly, Sotirios Kollias and Demetra Doumas are liable for libel and defamation.

## Tenth Cause of Action
## Defamation Per Se Against Sotirios Kollias and Demetra Doumas

97. Plaintiff reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

98. Sotirios Kollias and Demetra Doumas' above stated false statements to the labor department state that criminal activity has occurred.

99. Sotirios Kollias and Demetra Doumas' above stated false statement to the labor department exposed Plaintiffs to public contempt, ridicule, aversion, and disgrace.

100. As a result of Sotirios Kollias and Demetra Doumas' acts, Plaintiffs have incurred damages.

101. Accordingly, Sotirios Kollias and Demetra Doumas are liable for defamation *per se*.

## Eleventh Cause of Action
## Defamation/Libel Against Danielle Kollias

102. Plaintiff reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

103. On or about May 6, 2020, the Danielle Kollias, acting individually and on behalf of Argonaut, published false and defamatory statements about Plaintiff Robles.

104. Said statements on May 6, 2020 were oral and written statements of unprotected assertions of fact.

105. Defendant Argonaut, acting through its authorized agent, Danielle Kollias, published false statement about Plaintiff Robles.

106. Specifically, on or about May 6, 2020, and since, while acting individually and as agents or representatives of Argonaut, Danielle Kollias wrote false statements out and spoke to Argonaut employees that Plaintiff Robles had stolen food and a money from the Argonaut.

107. Danielle Kollias' statements to the Argonaut employees were intentionally published to third parties.

108. Danielle Kollias' statements to the Argonaut employees were published without privilege or authorization of Plaintiff Robles.

109. Upon information and belief, Danielle Kollias' statements to the Argonaut employees were read or heard by one or more third parties.

110. Danielle Kollias' statements to the Argonaut employees were not true.

111. Danielle Kollias knew such statements of theirs to the Argonaut employees were not true.

112. Danielle Kollias' statements to the Argonaut employees were about Plaintiff Robles.

113. Danielle Kollias' statements to the Argonaut employees have harmed Plaintiff Robles's reputation.

114. Danielle Kollias' statements to the Argonaut employees were untrue and was made with malicious intent.

115. As a result of Danielle Kollias' acts, Plaintiff Robles has incurred damages.

116. Accordingly, Danielle Kollias is liable for slander, libel and defamation.

## Twelfth Cause of Action
## Defamation Per Se Against Danielle Kollias

117. Plaintiffs reallege and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as if fully set forth here.

118. Danielle Kollias' above stated false statements to the Argonaut employees state that criminal activity has occurred.

119. Danielle Kollias' above stated false statement to the Argonaut employees exposed Plaintiff Robles to public contempt, ridicule, aversion, and disgrace.

120. As a result of Danielle Kollias' acts, Plaintiff Robles has incurred damages.

121. Accordingly, Danielle Kollias is liable for defamation *per se*.

## JURY DEMAND

122. Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiffs demand a jury on all issues so triable.

WHEREFORE, Plaintiffs demand judgment against the Defendants:

(a) Awarding Plaintiff unpaid wages and unpaid wages due under the FLSA and New York Labor Law;

(b) Awarding Plaintiff liquidated damages in the amount of his unpaid FLSA wages because of Defendants' willful failure to pay wages and overtime wages pursuant

to 29 U.S. C. §216(b);

(c) Awarding Plaintiffs liquidated damages in the amount of one hundred per cent of their unpaid New York wages as liquidated damages pursuant to the New York Labor Law §663;

(d) Awarding Plaintiffs compensatory damages, including treble damages for unpaid wages, and liquidated damages pursuant to the Westchester Earned Sick Leave Law;

(e) Awarding Plaintiff Robles compensatory and punitive damages for gender-based sexual harassment;

(f) Awarding Plaintiffs compensatory and punitive damages for age-based harassment and discrimination;

(g) Awarding Plaintiffs compensatory and punitive damages for Defendants' acts of defamation, slander, libel and defamation per se;

(h) Awarding Plaintiffs prejudgment interest;

(i) Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees;

(j) Awarding such other and further relief as this Court deems necessary and proper.

Dated: White Plains, New York
June 1, 2020

    Respectfully submitted,

    MORRISON LAW FIRM, P.C.
    Attorneys for Plaintiffs
    445 Hamilton Avenue, Suite 402
    White Plains, New York 10601
    (914) 239-3650
    ssledzik@morrisonlawfirmpc.com

    By: /s/Steven T. Sledzik
        STEVEN T. SLEDZIK